The ENTERPRISE, INC., employer # 4–076186–1, Plaintiff,

v.

DEPARTMENT OF EMPLOYMENT SECURITY, Defendant.

No. 19534.

Supreme Court of Utah.

March 23, 1984.

Thomas N. Crowther, Cynthia J. Crass, Salt Lake City, for plaintiff.

Floyd K. Astin, K. Allan Zabel, Salt Lake City, for defendant.

DURHAM, Justice:

The Enterprise, Inc. ("Enterprise") appeals from a decision holding that payments to participants in a training program are subject to unemployment contributions under the Utah Employment Security Act. U.C.A., 1953, §§ 35–4–1 to 35–4–26 (Supp. 1983). At issue is whether the trainees rendered personal services for wages within the meaning of the statute. We affirm.

Enterprise publishes weekly newspapers and periodicals. Because of high turnover among its advertising salespersons, Enterprise began a training program to evaluate the aptitude of potential employees for sales work. The program included classroom instruction at the owner's place of business and supervised selling of advertising by trainees as part of field experience. During this field experience, the trainees were evaluated to determine whether they should be permanently hired. The training and evaluation lasted six and one-half to thirteen weeks. During this period the trainees received what Enterprise characterizes as a "subsistance allowance" of $800 per month.

The appeals referee determined that the trainees performed services for wages and, therefore, that the allowance paid the trainees was subject to unemployment contributions. The Board of Review affirmed. Enterprise appeals, claiming that the trainees were not employees, but rather merely students who had no employment commitment to Enterprise and provided it no benefit.

 The $800-per-month allowance should have been included on a payroll report for purposes of determining the amount of contributions to be paid if the trainees rendered to Enterprise personal services for wages or under a contract for hire. *Fuller Brush Co. v. Industrial Commission of Utah,* 99 Utah 97, 99–100, 104 P.2d 201, 202 (1940). U.C.A., 1953, § 35–4–7 (Supp.1983).

> [S]ervices are performed for another when performed under his supervision, direction and control, in the performance of the details of the work and in the use of the means employed; ... when he has the right to hire ... and the right to fire ... and when the compensation, if any, accruing to the worker becomes a direct liability on the other party.

*Id.* at 103, 104 P.2d at 203 (citation omitted). The trainees enrolled in Enterprise's program were under the supervision, direction and control of Enterprise. They were required to attend class. The content of their instruction was controlled by Enterprise. They were directed to sell advertising under the supervision of Enterprise's experienced salespersons.

 Furthermore, as the trainees fulfilled the requirements of the training program, they were owed $800-per-month wages by Enterprise for their services.

> "Wages" is defined as all compensation payable for personal services, rendered for another under a contract of hire, express or implied. This compensation ... is not derived from the accomplishment of a purpose or achievement of an objective, by the person receiving the remuneration.

*Id.,* 104 P.2d at 203–04. It is thus irrelevant that during their field training the trainees sold only an insignificant amount of advertising for Enterprise or that they personally received a greater benefit from the training course than did Enterprise. The significant point is that Enterprise agreed to pay the trainees $800 per month if they would fulfill the requirements of the training program. The mere fulfillment by the trainees of their part of the bargain was sufficient to create the obligation of Enterprise to pay them their wage.

Enterprise received its benefit from the training program by having a ready pool of skilled specialized labor to draw from and by reducing its turnover through the opportunity to be more selective in its hiring. Enterprise presumably would have discontinued the training program were it not beneficial in this way.

We hold that the trainees rendered personal services to Enterprise and that the payments received were wages under the Utah Employment Security Act. The payments are subject to unemployment contributions. Affirmed.

HALL, C.J., OAKS and HOWE, JJ., and SCOTT DANIELS, District Judge, concur.

STEWART, J., does not participate herein; DANIELS, District Judge, sat.